UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-22111-BLOOM/Otazo-Reyes

ROGER AMARGOS,
individually and on behalf of all
others similarly situated,                                        **CLASS ACTION**

        Plaintiff,

v.

VERIFIED NUTRITION, LLC d/b/a
PROSTAGENIX,

        Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Plaintiff Roger Amargos responds in opposition to Defendant Verified Nutrition, LLC d/b/a Prostagenix's Motion to Compel Arbitration, [D.E. 26], and states:

**I.     INTRODUCTION**

This class action was filed on July 11, 2022. Defendant filed its Answer and Affirmative Defenses on September 6, 2022 – which made no mention of any purported right to arbitration – and in which Defendant sought affirmative relief, "including declaratory, equitable relief, and damages, as this Court deems just and proper[,]" "a trial by jury[,]" and that "Plaintiffs take affirmative steps to preserve all records, lists, electronic databases, or other the communications or transmittal of the call records that are alleged in the Complaint including, without limitation, all communications in which any third party other than Plaintiffs' legal counsel were present concerning the facts underlying, and the rationale behind filing, the Complaint." *See* [DE 13] at 10-11.

Next, Defendant participated in a Rule 26(f) conference and jointly submitted a scheduling report and proposed scheduling order again requesting a jury trial. [DE 16]. In that joint report, Defendant made no mention of arbitration and continued to act inconsistent with its purported arbitration rights by demanding a stay of class related discovery to permit completion of "initial merits discovery[.]" *Id*. at 2. Shortly after the Rule 26(f) conference, Plaintiff propounded written discovery, and when the responses came due, Defendant's prior counsel asked for "some patience" while new counsel substituted into the case – again, no mention of arbitration was ever made. *See* e-mail date October 26, 2022, attached as **Exhibit A**. Lastly, Defendant jointly selected a mediator and a date for mediation (June 9, 2023). [DE 19].

Just as important as what occurred during the past four months of litigation "is what didn't happen…[Defendant] never mentioned that [Plaintiff]'s claims are subject to arbitration. Instead, [Defendant] answered the complaint and let the litigation train move forward, leaving [Plaintiff] (and the Court) unaware that arbitration was ever an option." *Soriano v. Experian Info. Sols., Inc.*, No. 2:22-cv-197-SPC-KCD, 2022 U.S. Dist. LEXIS 185783, at *1 (M.D. Fla. Oct. 11, 2022). "[Defendant] now wants to pull the brakes and send this case to an arbitrator." *Id*.

While Defendant spends most of its brief attempting to convince this Court that an arbitration agreement exists, "the Court need not wade into those murky waters. No matter how broadly the contract is read, [Defendant] waived its right to compel arbitration." *Id*. (citing *Korioth v. Briscoe*, 523 F.2d 1271, 1275 (5th Cir. 1975) ("Cases are to be decided on the narrowest legal grounds available[.]").

2

## II. LEGAL STANDARD

Arbitration is a matter of contract. "[I]t is a way to resolve those disputes . . . that the parties have agreed to submit to arbitration." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995). A court presented with a motion to compel arbitration must assess three factors: (1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived. *See Abellard v. Wells Fargo Bank, N.A.*, No. 19-CV-60099, 2019 U.S. Dist. LEXIS 80707, 2019 WL 2106389, at *2 (S.D. Fla. May 14, 2019).

## III. ARGUMENT

Plaintiff only addresses the last prong of the Court's inquiry: whether Defendant has waived the right to seek arbitration. As outlined below, and pursuant to Florida law which now governs after the Supreme Court's holding in *Morgan v. Sundance, Inc.*, 42 S. Ct. 1708 (2022), Defendant waived its right and its Motion should be denied.

### A. The Eleventh Circuit's Test for Waiver of Arbitration has Been Abrogated by *Morgan*.

Defendant maintains that the Eleventh Circuit's two-part test regarding waiver of the right to arbitrate "remains controlling" even after the Supreme Court's decision in *Morgan*. Mot. at 12-16. Every court in this Circuit to date disagrees. *See Gaudreau v. My Pillow, Inc.*, No. 6:21-cv-1899-CEM-DAB, 2022 U.S. Dist. LEXIS 118524, at *15 (M.D. Fla. July 1, 2022) ("*Morgan* abrogated much—perhaps most—of the Eleventh Circuit's precedent on waiver of arbitration agreements.") (citing *Morgan*, 142 S. Ct. 1708); *Soriano v. Experian Info. Sols., Inc.*, No. 2:22-cv-197-SPC-KCD, 2022 U.S. Dist. LEXIS 185783, at *4 (M.D. Fla. Oct. 11, 2022) ("This body of law recently changed….Put simply, arbitration agreements must be evaluated the same as all other contracts."); *Steward v. Sage Software, Inc.*, No. 6:22-cv-12-WWB-EJK, 2022

3

U.S. Dist. LEXIS 176398 (M.D. Fla. Sep. 28, 2022), *report and recommendation adopted*, [D.E. 21] (Berger, J) ("The 2022 Supreme Court decision of *Morgan* disaffirmed much of the Eleventh Circuit's prior precedent on waiver of arbitration agreements."); *Warrington v. Rocky Patel Premium Cigars, Inc.*, No. 2:22-cv-77-JES-KCD, 2022 U.S. Dist. LEXIS 136414, at *4 (M.D. Fla. Aug. 1, 2022) (same).

Undeterred by the majority view, Defendant insists that since courts have applied the test in the context of waiver of forum selection clauses the test is not "bespoke" to arbitration and thus not abrogated. But Defendant cannot escape the holding of *Morgan* in which "the Supreme Court clearly struck down both the prejudice and burden-of-proof requirements." *Gaudreau*, 2022 U.S. Dist. LEXIS 118524, at *15 (discussing *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990); *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1541 (11th Cir. 1990)); *see also Steward*, 2022 U.S. Dist. LEXIS 176398 ("Previously, waiver occurred only when 'under the totality of circumstances, the party ha[d] acted inconsistently with the arbitration right,' and the party's conduct 'ha[d] in some way prejudiced the other party.'") (quoting *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (2018)). And notably absent from Defendant's briefing is a single case applying the prejudice and burden-of-proof requirements after *Morgan*.

Given Defendant's failure to cite any authority to the contrary this Court should conclude that after *Morgan* the second prong of the waiver test no longer remains. *Gaudreau*, 2022 U.S. Dist. LEXIS 118524, at *15. As for the first prong, "the Eleventh Circuit formulated the standard of 'substantial participation' by applying the 'policy favoring arbitration,' the approach the Supreme Court expressly disapproved.'" *Id*. (quoting *Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); citing *S & H Contractors*, 906 F.2d at 1514; *see also Soriano v. Experian Info. Sols., Inc.*, No. 2:22-cv-197-

4

SPC-KCD, 2022 U.S. Dist. LEXIS 185783, at *6 (M.D. Fla. Oct. 11, 2022) ("As noted, the Supreme Court has seemingly rejected that analysis.").

Defendant nevertheless asks this Court to continue to apply the first prong of the Eleventh Circuit's test. Defendant makes this request while simultaneously arguing that *Morgan* abrogated all of California's test for waiver. Mot. at 16. Setting aside Defendant's inconsistent position, Defendant's argument is flawed because as noted by the court in *Soriano*, "courts in this circuit do not apply a substantial participation standard for other contractual rights that may be waived by participation in litigation." 2022 U.S. Dist. LEXIS 185783, at *6 (quoting *Gaudreau*, 2022 U.S. Dist. LEXIS 118524, at *6). "For instance, the right to appraisal can be waived with mere active participation." *Soriano*, 2022 U.S. Dist. LEXIS 185783, at *6 (citing *CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, 843 F. App'x 189, 193 (11th Cir. 2021)). In other words, Defendant's request for this Court to apply any portion of the Eleventh Circuit's waiver test conflicts with the Supreme Court's directive in *Morgan* that arbitration agreements are to be treated like any other contract. Thus, "[i]n light of *Morgan*, this Court must start anew in developing a rule for waiver of arbitration agreements[,]" and should rely on Florida law to hold that Defendant has waived the right to arbitration. *See Gaudreau*, 2022 U.S. Dist. LEXIS 118524, at *16.

### B. Florida Law Applies to the Question of Waiver.

"Eleventh Circuit precedent counsels in favor of consulting state law to govern waiver of arbitration agreements—insofar as it comports with *Morgan*'s edict against arbitration-specific rules." *Gaudreau*, 2022 U.S. Dist. LEXIS 118524 at *18 (citing *Burton-Dixie Corp. v. Timothy McCarthy Constr. Co.*, 436 F.2d 405, 408 (5th Cir. 1971); *Weisbart & Co. v. First Nat'l Bank*, 568 F.2d 391, 396 (5th Cir. 1978)); *see also Steward v. Sage Software, Inc.*, No. 6:22-cv-12-WWB-

EJK, 2022 U.S. Dist. LEXIS 176398, at *5 (M.D. Fla. Sep. 28, 2022) ("Courts in this circuit typically apply the state law standard to waiver of different contractual rights.") (citing *Argonaut Ins. Co. v. Collage Design & Constr. Grp., Inc.*, 6:22-cv-1055-DAB, 2022 WL 4485962, at 3* (M.D. Fla. Sept. 12, 2022) (applying state law to waiver of arbitration); *Powell v. Vroom, Inc.*, No. 2:22-cv-302-RDP, 2022 WL 4096872, at 4* (N.D. Ala. Sept. 7, 2022) (same)).

Further, and contrary to Defendant's contention, courts disregard choice-of-law provisions when deciding questions of waiver. *See Biomedical Eng'g Tr. v. Med. Device Bus. Servs., Inc.*, No. 2:19-cv-187-FtM-29UAM, 2019 U.S. Dist. LEXIS 246284, n.4 (M.D. Fla. July 16, 2019) ("Plaintiff contends that, because the Process License Agreement contains an Indiana choice-of-law provision, the issue of waiver is governed by Indiana law. The Court disagrees."); *Sequoia Benefits & Ins. Servs., LLC v. Costantini*, 553 F. Supp. 3d 752, 757 (N.D. Cal. 2021) ("*Sovak* held that waiver of the right to compel arbitration affects the allocation of power between tribunals, and that federal law, not state law, governs even when an arbitration agreement contains a general state choice-of-law clause.") (citing *See Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269-70 (9th Cir. 2002) (citing *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 59-60 (1995))); *Riverside Publ'g Co. v. Mercer Publ'g LLC*, 829 F. Supp. 2d 1017, *1020 (W.D. Wash. 2011) ("Despite the Settlement Agreement's general Washington choice-of-law cause, federal law alone governs the court's waiver inquiry.") (citing *Sovak*, 280 F.3d at 1269-70)); *MetLife Sec., Inc. v. Holt*, No. 2:16-CV-32, 2016 U.S. Dist. LEXIS 95017, at *26 (E.D. Tenn. July 21, 2016) (holding that choice-of-law provision does not govern issue of waiver).

Courts disregard choice-of-law provisions when deciding waiver because the issue is not unlike the question of contract formation, "one that a court 'presumptively evaluates.'" *MetLife Sec., Inc.,* 2016 U.S. Dist. LEXIS 95017, at *26 (quoting *JPD, Inc. v. Chronimed Holdings, Inc.*,

539 F.3d 388, 393 (6th Cir. 2008)). This is the logical approach given that enforcing a choice-of-law provision in a contract whose enforceability is being challenged is like enforcing a choice-of-law clause when deciding the question of contract formation. In other words, as Defendant argues that Florida law applies to the question of contract formation, applying a choice-of-law provision to the question of waiver incorrectly presumes the existence of an enforceable agreement. *See* Mot. at 4-5.

Tellingly absent from Defendant's brief is citation to a single case where a choice-of-law clause was enforced to apply the law of a different state to the waiver analysis. Instead, Defendant supports its argument by citing two cases that do not involve the question of waiver. Mot. at 17 (citing *Berti v. UBS Fin.*, 2012 WL 5381969, at *6 (M.D. Fla. Nov. 1, 2012) ("In the instant case, Berti II has not raised an issue as to whether an arbitrable issue exists or whether the right to arbitrate was waived"); *Rimel v. Uber Techs., Inc.*, 246 F. Supp. 3d 1317, 1326–27 (M.D. Fla. 2017). In fact, in *Rimel*, the court applied the rules of severability to sever an arbitration provision from an agreement containing a choice of law provision and ultimately disregarded the choice of law clause and applied Florida law to the question of whether the arbitration agreement was unconscionable. 246 F. Supp. 3d 1317, 1326–27. So that case supports Plaintiff's position and provides this Court with another basis to apply Florida law.

C. **Under Florida Law, Defendant has Waived its Right to Arbitration**.

Under Florida law, "[a] party's contract right may be waived by actively participating in a lawsuit or taking action inconsistent with that right." *Steward*, 2022 U.S. Dist. LEXIS 176398, at *5 (quoting *Klosters Redari A/S v. Arison Shipping Co.*, 280 So. 2d 678, 681 (Fla. 1973)). In other words, "[u]nder Florida state law, it is well-settled that 'filing an answer to a pleading seeking affirmative relief without raising the right to arbitration' constitutes participation sufficient to

constitute waiver." *Gaudreau*, 2022 U.S. Dist. LEXIS 118524, at *18 (*Green Tree Servicing, LLC v. McLeod*, 15 So. 3d 682, 687 (Fla. 2d DCA 2009); *Price v. Fax Recovery Sys., Inc.*, 49 So. 3d 835, 837 (Fla. 4th DCA 2010); *Lapidus v. Arlen Beach Condo. Ass'n*, 394 So.2d 1102, 1103 (Fla. 3d DCA 1981)); *see also Steward*, 2022 U.S. Dist. LEXIS 176398, at *5 ("Defendant acted inconsistently with its purported right to arbitrate. On February 10, 2022, Defendant filed its Answer and Affirmative Defenses, asserting twenty-seven defenses and demanding a jury trial. (Doc. 10.) Yet none of Defendant's affirmative defenses assert that Plaintiff's claims were subject to arbitration.").

Here, Defendant waived any purported right to arbitration by: (1) filing an Answer and Affirmative Defenses that makes no mention of arbitration and instead asserts thirteen affirmative defenses, demands a jury trial, demands declaratory, equitable relief, and damages, and demands document preservation under the Federal Rules of Civil Procedure; (2) filing a joint scheduling report that seeks a jury trial, provides for discovery and motion practice and, again, makes no mention of arbitration but rather seeks to bifurcate and take discovery on the merits of Plaintiff's claims in federal court, not arbitration; (3) requesting an extension to respond to Plaintiff's written discovery requests; (4) agreeing to a mediator and mediation date; and (5) participating in the litigation for four months, all before making any mention of arbitration. *See Morgan*, 142 S. Ct. at 1711 ("Sundance initially defended itself against Morgan's suit as if no arbitration agreement existed….Sundance then answered Morgan's complaint, asserting 14 affirmative defenses—but none mentioning the arbitration agreement….And then—nearly eight months after the suit's filing—Sundance changed course."); *Gaudreau*, 2022 U.S. Dist. LEXIS 118524, at *19 ("Under Florida law, and to the same extent as the defendants in *Chmura* and *San Miguel Produce*, MyPillow acted inconsistently with its purported right to arbitrate. Rather than compel arbitration

8

in state court, MyPillow chose to remove the case to this Court. It also answered not one, but two complaints filed by Guadreau against it without mentioning its purported right to arbitrate. Further, MyPillow only sought to vindicate its purported right to arbitrate after actively participating in this litigation for eight months."). This Court should therefore respectfully deny Defendant's request for arbitration because it has waived any such purported right under Florida law.

"Even applying the heightened substantial participation standard, the result is the same: [Defendant] waived its right to arbitration." *Soriano*, 2022 U.S. Dist. LEXIS 185783, at *7 ("This fair credit case has been pending for over six months. During that time, the parties exchanged written discovery, attended mediation, and submitted a case management report asking for a jury trial….Just as important is what didn't happen during those six months—Experian never mentioned that Soriano's claims are subject to arbitration. Instead, Experian answered the complaint and let the litigation train move forward, leaving Soriano (and the Court) unaware that arbitration was ever an option.") (citing *Warrington v. Rocky Patel Premium Cigars, Inc.*, No. 2:22-CV-77-JES-KCD, 2022 U.S. Dist. LEXIS 136414, 2022 WL 3025937, at *2 (M.D. Fla. Aug. 1, 2022) (holding, post-*Morgan*, that a party waives the right to arbitration by "substantially invok[ing] the litigation machinery")).

Lastly, a brief response to Defendant's untimely attempt to preserve its arbitration rights as to the unnamed class members is warranted. *See* Mot. at 3, n. 2. Despite Defendant's efforts and arguments to the contrary, the waiver analysis applicable to Plaintiff is the same for the putative class members and Defendant cannot remedy its waiver through a footnote in an untimely motion to compel arbitration. *See Garcia v. Wachovia Bank, N.A. (In re Checking Account Overdraft Litig. MDL No. 2036)*, No. 1:09-MD-02036-JLK, 2016 U.S. Dist. LEXIS 145813 (S.D. Fla. Oct. 17, 2016) ("This Court and the Eleventh Circuit previously held the named Plaintiffs satisfied the

9

waiver test. The Court now applies the same test to the facts and circumstances of the class members.")

The two cases cited by Defendant only undermine its position. *See* Mot. at 3, n.2 Specifically, in *Gutierrez v. Wells Fargo Bank, NA*, unlike here, the defendant asserted its right to arbitration in its affirmative defenses, and the Eleventh Circuit concluded that this put "both the Court and Plaintiffs on notice of Wells Fargo's arbitration rights against the unnamed Plaintiffs and its intent to invoke them." 889 F.3d 1230, 1237 (11th Cir. 2018). Similarly, in *Larsen v. Citibank FSB (In re Checking Account Overdraft Litig.)*, the defendant served an answer giving "notice that it was reserving its right to arbitrate the claims of any future plaintiffs, stating that '[a]bsent members of the putative classes have a contractual obligation to arbitrate any claims they have against Wells Fargo.'" 780 F.3d 1031, 1035 (11th Cir. 2015).

Here, Defendant did the opposite. It filed an answer that said nothing about arbitration and instead demanded affirmative relief and a jury trial for all claims asserted. *See* Answer and Affirmative Defenses, [DE 13]. Moreover, even if Defendant could somehow remedy its waiver, it is certainly not a basis to deny class certification. *See Wright v. Greensky Mgmt. Co., LLC*, No. 20-cv-62441-BLOOM/Valle, 2022 U.S. Dist. LEXIS 213764, at *12 (S.D. Fla. Nov. 28, 2022) (Bloom, J.) ("Consistent with the cases cited from district courts in this Circuit, the Court finds that the issue raised regarding the existence of arbitration clauses in some loan agreements is resolved by creating a subclass of loan agreement holders whose contracts contain arbitration provisions rather than denying certification. The Court therefore finds that it would be appropriate to create a subclass of borrowers, meeting the specified class criteria, whose loan agreements contain arbitration clauses.").

### D. **<u>Even Under California Law, Defendant has Waived its Right</u>**.

Even if this Court is inclined to apply California law to the question of waiver the result remains the same. Defendant asks this Court to apply *Morgan* and wipe the slate clean at it pertains to California waiver law (but of course not Eleventh Circuit law). *See* Mot. at 17. Next, Defendant developed a series of self-serving tests regarding prejudice or detrimental reliance by Plaintiff, *see* Mot. at 18, requirements that were rejected by the Supreme Court in *Morgan*:

> To decide whether a waiver has occurred, the court focuses on the actions of the person who held the right; the court seldom considers the effects of those actions on the opposing party. That analysis applies to the waiver of a contractual right, as of any other. As Judge Colloton noted in dissent below, a contractual waiver 'normally is effective' without proof of "detrimental reliance."

*Morgan*, 142 S. Ct. at 1713 (citing *Cabinetree of Wisconsin*, *Inc.* v. *Kraftmaid Cabinetry*, *Inc.*, 50 F. 3d 388, 390 (CA7 1995) (Posner, C. J., for the Court).

But even pursuant to its own tests, Defendant has demonstrated that it waived arbitration. First, Defendant contends that implied waiver of a contractual right under California law can be found "when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." Mot. at 18 (quoting *Waller v.Truck Ins. Exch., Inc.*, 900 P.2d 619, 637 (Cal. 1995)). That is precisely what has occurred here. Defendant filed an answer requesting a jury trial and again requested a jury trial in the parties' Joint Scheduling Report. Defendant never mentioned arbitration and thus induced a reasonable belief by Plaintiff that Defendant had relinquished any purported right to arbitration. This reasonable belief was further buttressed by Defendant's request for an extension to respond to discovery, the selection of a mediator and mediation date, and the other affirmative relief demanded by Defendant in its answer. Defendant may have decided to change course after obtaining a second opinion from its new counsel, but that does not change the fact that the case was litigated for months inducing

Plaintiff to reasonably believe that Defendant intended to litigate this case in federal court.

Second, and again under its own standard, Defendant cannot retract its waiver because Plaintiff has relied on Defendant's waiver to her detriment. *See* Mot. at 18 ("The court held that even if that were the case, because the plaintiff did not provide consideration for the defendant's waiver or prove detrimental reliance upon it, the defendant was permitted to retract the waiver."). Plaintiff has litigated this case for several months and incurred considerable fees and costs in doing so. Defendant has certainly prejudiced Plaintiff and simply stating that Plaintiff cannot show prejudice, *see* Mot. at 18, fails to take into account that Defendant's active participation in this lawsuit has caused prejudice to Plaintiff. Defendant essentially seeks to wash away over four months of litigation while claiming that no harm would result to Plaintiff.

## IV.     CONCLUSION

Defendant actively litigated this case for months, filed an answer seeking a jury trial and other affirmative relief, selected a mediator and mediation date, filed a joint scheduling report again requesting a jury trial, and requested an extension to respond to discovery, all while giving no indication that it intended to pursue arbitration. Under Florida or California law, Defendant acted inconsistent with its purported right to arbitrate and its Motion should be denied.

**WHEREFORE** Plaintiff Roger Amargos respectfully requests an Order denying Defendant's Motion, and for such other relief deemed appropriate under the circumstances.

Date: November 30, 2022

                                        Respectfully submitted,

By:   **HIRALDO P.A.**

       */s/ Manuel S. Hiraldo*
       Manuel Hiraldo, Esq.
       Florida Bar No. 030380
       401 E. Las Olas Blvd., Suite 1400
       Fort Lauderdale, FL 33301
       mhiraldo@hiraldolaw.com
       Telephone: 954-400-4713