### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-22111-BLOOM/Otazo-Reyes**

ROGER AMARGOS,
individually and on behalf
of all others similarly situated,

      Plaintiff,

v.

VERIFIED NUTRITION, LLC,
doing business as
ProstaGenix,

      Defendant.

_____/

### <u>ORDER ON MOTION TO COMPEL ARBITRATION</u>

**THIS CAUSE** is before the Court upon Defendant Verified Nutrition, LLC's Motion to Compel Arbitration and Stay Proceedings, ECF No. [26] ("Motion"). Plaintiff filed a Response in Opposition to Defendant's Motion, ECF No. [31], ("Response"), to which Defendant filed a Reply, ECF No. [35] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I.    BACKGROUND

On July 11, 2022, Plaintiff filed his Class Action Complaint, ECF No. [1], alleging a violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. *See id*. On September 6, 2022, Defendant filed its Answer with Affirmative Defenses to the Complaint, ECF No. [13] ("Answer"). The Answer did not allege that an agreement to arbitrate existed. The parties

thereafter filed their proposed joint scheduling report, ECF No. [16], and the Court entered its Order Setting Trial, ECF No. [17]. Less than two months later, on November 16, 2022, Defendant filed the instant Motion. Defendant contends that (1) a valid arbitration agreement ("Arbitration Agreement") exists between Plaintiff and Defendant; (2) any challenges to the validity of the Arbitration Agreement or the scope of the issues to be arbitrated must be heard in arbitration; and (3) Defendant has not waived its right to arbitrate. *See generally* ECF No. [26]. On November 30, 2022, Plaintiff filed a Response in which he argues that Florida law applies and under Florida law, Defendant has waived its right to seek arbitration. ECF No. [31] at 3. Defendant replies that federal law applies, rather than Florida law, and it has not waived its right to arbitration. ECF No. [35].

## II.    LEGAL STANDARD

The presence of a valid arbitration provision raises a strong presumption in favor of enforcement. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 630-31 (1985) (stressing that the enforcement of a mutually agreed upon arbitration or forum-selection clause serves as an "indispensable precondition to the achievement of the orderliness and predictability essential to any international business transaction"). Indeed, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, "embodies a 'liberal federal policy favoring arbitration agreements.'" *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1366 (11th Cir. 2008) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). However, "the FAA's "policy favoring arbitration" does not authorize federal courts to invent special, arbitration-preferring procedural rules." *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Under the FAA, a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Despite courts' proclivity for enforcement, a party will not be required to arbitrate where it has not agreed to do so. *See Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010), *aff'd*, 433 F. App'x 842 (11th Cir. 2011) (citing *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). It is axiomatic that the determination of whether parties have agreed to submit a dispute to arbitration is an issue of law subject to judicial resolution. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010). Generally, this determination requires the district court to apply standard principles of state contract law. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 939 (1995); *see also P&S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003).

Under Florida law, when presented with a motion to compel arbitration, a court must consider three factors: (1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived. *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010), *aff'd*, 433 F. App'x 842 (11th Cir. 2011); *see also Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004) (citing *Marine Envt'l. Partners, Inc. v. Johnson*, 863 So. 2d 423, 426 (Fla. 4th DCA 2003); and *Seifert v. U.S. Home Corp.*, 750 So. 2d 633 (Fla. 1999)) ("Under both federal and Florida law, there are three factors for the court to consider in determining a party's right to arbitrate: (1) a written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived.").

## III.   DISCUSSION

Defendant argues that there is a valid and enforceable Arbitration Agreement, and the Arbitration Agreement requires the issues to be heard in arbitration. Plaintiff does not respond to those arguments yet contends that Defendant has waived its right to arbitration. The Court

therefore analyzes the third factor - whether Defendant waived its contractual right to arbitration. Defendant argues that under either the Eleventh Circuit's test for waiver of the right to arbitrate or under California or Florida law, it has not waived its contractual right to arbitrate. Plaintiff responds that the Eleventh Circuit's test has been abrogated by the Supreme Court decision in *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022). As such, Plaintiff contends that Florida law should be applied, and Defendant has waived its right to arbitrate.

**A.  Waiver of the Contractual Right to Arbitrate**

The Eleventh Circuit has employed a two-part test for waiver of the right to arbitrate. "First, we decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and, second, we look to see whether, by doing so, that party has in some way prejudiced the other party." *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002) (internal quotation marks omitted). The Eleventh Circuit has "recognized that a party who 'substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate.'" *Grigsby & Associates, Inc. v. M Sec. Inv.*, 635 F. App'x 728, 731 (11th Cir. 2015) (quoting *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir.1990)).

Defendant contends that the Eleventh Circuit's test should be applied here. Plaintiff responds that the Supreme Court's decision in *Morgan v. Sundance, Inc,* 142 S. Ct. 1708 (2022), abrogated the Eleventh Circuit's two-part test.

**i.      Abrogation of the Eleventh Circuit's Two-Part Test**

In *Morgan v. Sundance, Inc.*, the Supreme Court held that federal courts are barred from using custom-made rules "to tilt the playing field in favor of (or against) arbitration." 142 S. Ct. 1708, 1714. The Court clarified that "the usual federal rule of waiver does not include a prejudice requirement." *Id*. In *Morgan*, the Supreme Court explained that nine of the circuits had invoked

"'the strong federal policy favoring arbitration' in support of an arbitration-specific waiver rule demanding a showing of prejudice." *Morgan*, 142 S. Ct. at 1712. By citing the Eleventh Circuit[1] as among those circuits that invoked such a policy, it appears that by determining such a rule is *not* appropriate, the Supreme Court has specifically abrogated the second part of the Eleventh Circuit's test. *Id*. at n. 1. Since the Supreme Court's ruling in *Morgan*, the Eleventh Circuit has not had the occasion to rule on any case involving the waiver of arbitration.

Defendant first argues that neither part of the Eleventh Circuit's test was abrogated by *Morgan* because the Eleventh Circuit's test is not arbitration specific. Defendant contends that because the Eleventh Circuit's rule has been applied in the context of waiver of a contractual right conferred by a forum-selection clause, *see e.g. Se. Power Group, Inc. v. Vision 33, Inc.*, 855 F. App'x 531, 534-35 (11th Cir. 2021), the test remains good law and should be applied here. In *Se. Power Group,* the Eleventh Circuit applied the same two part test used to assess waiver of arbitration to waiver of a forum selection clause, noting that because the parties agreed it was an appropriate standard and arbitration clauses are similar to forum-selection clauses, it was appropriate to apply the test in that situation. *Id*. The Court does not find Defendant's argument persuasive. The Eleventh Circuit specifically referenced the test as one which applied in the context of assessing waiver of arbitration clauses and noted that the parties agreed it was appropriate in that context. *Id*. Nevertheless, the Supreme Court clearly abrogated tests which required a showing of prejudice, as the second part of the Eleventh Circuit's test requires.

Defendant suggests that even if the second part of the Eleventh Circuit test is considered abrogated, the first part should not be. Plaintiff argues that the entirety of the Eleventh Circuit's

---

[1] The Supreme Court specifically cited the Eleventh Circuit case, *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir.1990).

Case No. 22-cv-22111-BLOOM/Otazo-Reyes

test was abrogated by *Morgan*. Both parties cite to the recently decided case of *Soriano v. Experian Info. Sols., Inc.*, to support their contrary positions although Plaintiff cites to the earlier decision by the Magistrate Judge while Defendant cites to the District Court Judge adopting the Magistrate's Report and Recommendation. *Soriano v. Experian Info. Sols., Inc.*, 2:22-CV-197-SPC-KCD, 2022 WL 6734860 (M.D. Fla. Oct. 11, 2022), *objections overruled*, 2:22-CV-197-SPC-KCD, 2022 WL 17551786 (M.D. Fla. Dec. 9, 2022). In *Soriano*, the court did not analyze the first part of the Eleventh Circuit's test, but said, "[t]he Court need not decide on the correct post-*Morgan* test for arbitration waiver at this juncture." *Soriano*, 2022 WL 17551786 at *2. The *Soriano* court therefore did not address whether the first part of the Eleventh Circuit's test was abrogated.

The first part of the Eleventh Circuit's test assesses whether a party acted inconsistently with their contractual right to compel arbitration and finds that a party acts inconsistently with its contractual right where it substantially participated in the litigation. The Eleventh Circuit formulated the first part of its test invoking the federal policy favoring arbitration that the Supreme Court specifically disapproved. *See S & H Contractors, Inc.*, 906 F.2d 1507, 1514. ("We have held that, despite the strong policy in favor of arbitration, a party may, by its conduct, waive its right to arbitration. Thus, a party that substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate." (cleaned up)). Because the first part of the test, like the second, was developed using a heightened standard of waiver, the first part of the Eleventh Circuit's test must also be reevaluated.[2]

_____

[2] The Court notes that the two Courts in the Middle District of Florida that analyzed whether the first part of the Eleventh Circuit's test was abrogated reached the same conclusion. *See Gaudreau v. My Pillow, Inc.*, 6:21-CV-1899-CEM-DAB, 2022 WL 3098950, at *6 (M.D. Fla. July 1, 2022) (Finding that because the "Eleventh Circuit formulated the standard of 'substantial participation' by applying the 'policy favoring arbitration,' the approach the Supreme Court expressly disapproved," the "different heightened

### ii.     Correct Law to be Applied: State or Federal

Defendant contends that if the Court finds that the waiver question is governed by state law, then it should apply California law because the agreement contains a California choice-of-law clause. Defendant's Reply, however, urges that if the Court determines *Morgan* abrogated the Eleventh Circuit's test for waiver, federal common law, as opposed to state law, applies to the question of waiver.

Plaintiff responds that contrary to Defendant's initial contention, courts disregard choice-of-law provisions when deciding questions of waiver. Plaintiff therefore asserts that Florida law applies. In support, Plaintiff cites the recent decisions of *Gaudreau* and *Steward*. In each case, the courts looked to Florida law, noting that courts in this circuit "typically apply the state law standard to waiver of different contractual rights, with some deviation". *Gaudreau*, 2022 WL 3098950 at *7; *see also Steward*, 2022 WL 4537682, at *2 ("Courts in this circuit typically apply the state law standard to waiver of different contractual rights."). Despite looking to Florida law, those courts considered the full extent of the defendant's participation in the litigation before seeking to compel arbitration rather than apply Florida's bright line rule that if a defendant fails to assert its right to arbitration in its answer it has waived the right.

Contrary to the findings of those courts, this Court finds that binding precedent dictates that the question of waiver "is one of federal law, given the enactment of the United States Arbitration Act of 1925, 9 U.S.C. ss 1 et seq., even though this is a diversity case." *E. C. Ernst, Inc. v. Manhattan Const. Co. of Texas*, 551 F.2d 1026, 1040 (5th Cir. 1977), *opinion modified on*

---

standard for considering waiver of arbitration is now impermissible."); *Steward v. Sage Software, Inc.*, 6:22-CV-12-WWB-EJK, 2022 WL 4537682, at *2 (M.D. Fla. Sept. 28, 2022) (examining "how federal courts in this circuit analyze waiver for other contractual rights").

*reh'g*, 559 F.2d 268 (5th Cir. 1977);[3] *see also S & H Contractors, Inc*, 906 F.2d 1507, 1514 ("whether [a party] waived its right to arbitration, as opposed to whether the contract is void under [state] law, is controlled solely by federal law."). The Court therefore applies federal law rather than California or Florida law to the question of waiver.[4]

### iii.    Federal Law Test for Waiver of Contractual Right to Arbitrate

In order to apply federal law to test for waiver of the contractual right to arbitrate, the Court first considers the tests for waiver of arbitration employed by the Seventh Circuit and the DC Circuit which were not abrogated by *Morgan*. The Seventh Circuit emphasizes that "waiver depends on all the circumstances in a particular case rather than on any rigid rules and that prejudice is but one relevant circumstance to consider in determining whether a party has waived its right to arbitrate." *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Products Co., Inc.*, 969 F.2d 585, 590 (7th Cir. 1992). The Seventh Circuit noted that "[w]hile several factors are considered in the waiver analysis, diligence or the lack thereof should weigh heavily in the decision" and that it also considers other factors including "whether the allegedly defaulting party participated in litigation, substantially delayed its request for arbitration, or participated in discovery." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit rendered before October 1, 1981.

[4] The Court notes that cases cited by Plaintiff in its Response instruct the same, that federal law, not state law, governs the waiver of the right to compel arbitration. *See* ECF No. [31] at 6 (citing *Sequoia Benefits & Ins. Services, LLC v. Constantini*, 553 F. Supp. 3d 752, 757 (N.D. Cal. 2021) (*Sovak* held that waiver of the right to compel arbitration affects the allocation of power between tribunals, and that federal law, not state law, governs, even when an arbitration agreement contains a general state choice-of-law clause."); *Riverside Publ'g Co. v. Mercer Publ'g LLC*, 829 F. Supp. 2d 1017, 1020 (W.D. Wash. 2011) ("federal law alone governs the court's waiver inquiry"); *Metlife Sec., Inc. v. Holt*, 2:16-CV-32, 2016 WL 3964459, at *8 (E.D. Tenn. July 21, 2016) (" In addressing waiver of the right to arbitrate, the Sixth Circuit has consistently applied federal law rather than state law.").

988, 994 (7th Cir. 2011). Similarly, the DC Circuit analyzes waiver "in much the same way as in any other contractual context. The essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." *Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 774 (D.C. Cir. 1987).

The Court also looks to a recent post-*Morgan* opinion in which the Second Circuit determined that a defendant had not waived its right to arbitrate "not merely because there was no prejudice to [Plaintiff] but also based on its conduct because [the defendant] had not engaged in litigating any substantial merits questions before seeking arbitration." (internal quotation marks omitted). *Nicosia v. Amazon.com, Inc., Defendant-Appellee.*, 21-2624-CV, 2023 WL 309545, at *4, n.2 (2d Cir. Jan. 19, 2023).

The Court finds that the correct standard to be applied is a totality of the circumstances test that determines whether the Defendant acted inconsistently with its contractual right to arbitration. To determine whether the right to arbitrate has been waived, the court considers whether Defendant substantially participated in the litigation as one factor in a holistic analysis of whether Defendant, through participation in this case or by any other action or inaction, waived its right to arbitrate.

Defendant points out that this Court previously held that where a defendant "filed motions to dismiss, attended oral argument, filed and amended a responsive pleading, propounded written discovery, and attended an ultimately unsuccessful mediation," those activities were not inconsistent with an intent to arbitrate. *See Trevisani v. Ocwen Loan Servicing, LLC*, 16-CV-63018, 2017 WL 7731792, at *3 (S.D. Fla. May 3, 2017). By contrast, Plaintiff relies on the two cases post *Morgan*, in which each court found that participating in litigation was inconsistent with an intent to arbitrate. *See generally Soriano*, 2022 WL 17551786; *Gaudreau*, 2022 WL 3098950 at *8. In *Soriano,* the court found that because the case was pending for four months and the

9

Case No. 22-cv-22111-BLOOM/Otazo-Reyes

defendant filed an answer, an amended answer, exchanged discovery, participated in mediation, submitted a case management report requesting a jury trial, and attended a pretrial conference, that defendant waived its contractual right to compel arbitration. *Soriano*, 2022 WL 17551786 at *2-*3. Similarly, in *Gaudreau*, the Court found that where the defendant removed the case to federal court, answered two complaints without mentioning its right to arbitrate, and participated in the litigation for eight months it waived its right to compel arbitration. *Gaudreau*, 2022 WL 3098950 at *8.

The relevant factors for the Court to consider here are that Defendant filed an Answer that did not seek arbitration, ECF No. [13], Defendant participated in a court ordered scheduling conference and submitted a Joint Planning & Scheduling Report, ECF No. [16], Defendant participated in the selection of a mediator and the filing of a Joint Notice of Mediator Selection, ECF No. [19], and on November 16, 2022, two months after filing its Answer, Defendant filed the instant Motion, ECF No. [26]. Contemporaneously with filing the Motion, Defendant filed a Motion to Stay Discovery, ECF No. [27], which the Court granted, ECF No. [28]. Defendant asserts that it has not sought discovery from Plaintiff.

The record evidence demonstrates that on October 20, 2022, in an email exchange between counsel for Defendant and counsel for Plaintiff, Defendant's counsel wrote in relevant part:

> Without waiving any rights in connection with our imminent Motion to Compel Arbitration, Jordan Shaw will respond to your requests for dates. To be clear, beyond the Answer filed under duress simply to avoid Default per court's order, we DO NOT INTEND to avail ourselves of the Federal Courts except as to the extent you require us to on a going forward basis.

ECF No. [35-1] at 5 (emphasis in original). The instant Motion was filed shortly after that exchange.

Under the totality of the circumstances, the Court finds that Defendant's participation was not significant enough to support a finding that it acted inconsistently with its contractual right to

arbitrate. Unlike the cases cited by Plaintiff, Defendant did not remove the case to federal court, has not participated in mediation, exchanged discovery, or sought deposition testimony. *See Soriano*, 2022 WL 17551786 at *2-*3; Gaudreau, 2022 WL 3098950 at *8. This case is in its infancy and limited judicial resources have been employed. Moreover, early in the proceedings, Defendant advised Plaintiff by email of its intent to seek arbitration and filed its Motion soon thereafter. In light of the relatively limited participation before filing the instant Motion, no judicial involvement on the merits of the case, and Defendant's communication to Plaintiff of its intent to pursue its right to arbitrate, the Court finds that Defendant has not waived its right to compel arbitration.

Plaintiff does not dispute that a valid agreement to arbitrate exists or that an arbitrable issue exists. Having determined that Defendant did not waive its right to arbitrate, the Court compels the parties to arbitration.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [26]**, is **GRANTED**;

2.  The parties shall proceed to arbitration pursuant to the Arbitration Agreement.

3. Plaintiff's claims against Defendant are **STAYED** pending arbitration. The parties may file a motion to lift the stay, if necessary, once the arbitration proceedings have concluded.

4. The Clerk of Court shall **ADMINISTRATIVELY CLOSE** the case.

Case No. 22-cv-22111-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 30, 2023.

BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record